William P. CLEMENTS, Jr., et al., Appellants,

v.

Robert VALLES, et al., Appellees.

No. C-557.

Supreme Court of Texas.

Aug. 31, 1981.

Bickerstaff & Heath, Steve Bickerstaff, Austin, Mark White, Atty. Gen., Richard E. Gray, Asst. Atty. Gen., Joe W. Matthews, Dallas, for appellants.

David Richards, Austin, Don Gladden, Fort Worth, Paul D. Rich, Corpus Christi, for appellees.

RAY, Justice.

The appellees, Robert Valles, Matt Garcia, Dwight Christopher, Armando Lopez, Anne Mauzy, Albert Luna, H. G. Wells, Selden Hale and Juan Gonzalez, as members of the Texas Legislature and as qualified voters, brought this suit as a class action on behalf of all Texas voters to obtain a declaration of the unconstitutionality of House Bill 960, 67th Legislature, Regular Session, 1981,[1] and to enjoin the appellants, William P. Clements, Jr., Mark White and George W. Strake, Jr., who hold the offices of Governor, Attorney General and Secretary of State, respectively, from conducting elections pursuant to House Bill 960. The district court, on July 17, 1981, declared the statute unconstitutional and permanently enjoined the Secretary of State from conducting elections under the act. The appellants filed their appeal directly to this court. Article 1738a and Rule 499a.[2] Their motion to advance the cause filed on July 21, was granted, and the cause was submitted on August 25, 1981. We affirm the judgment of the district court.

By House Bill 960 the Legislature has redrawn the representative districts of the State from which members of the House of Representatives of the Texas Legislature are elected. The only question presented to us in this direct appeal is whether this redistricting statute violates Article III, § 26 of the Texas Constitution.

Article III, § 26 of the Texas Constitution provides the following:

> The members of the House of Representatives shall be apportioned among the several counties, according to the number of population in each, as nearly as may be, on a ratio obtained by dividing the population of the State, as ascertained by the most recent United States census, by the number of members of which the House is composed; provided, that whenever a single county has sufficient population to be entitled to a Representative, such county shall be formed into a separate Representative District, and when two or more counties are required to make up the ratio of representation, such counties shall be contiguous to each other; and when any one county has more than sufficient population to be entitled to one or more Representatives, such

---

1. Chapter ——, p. —— of Vernon's Texas Session Law Service, Laws 1981, 67th Legislature.

2. Statutory references are to Vernon's Texas Civil Statutes Annotated. Rules referred to are Texas Rules of Civil Procedure.

Representative or Representatives shall be apportioned to such county, and for any surplus of population it may be joined in a Representative District with any other contiguous county or counties.

In *Smith v. Craddick*, 471 S.W.2d 375 (Tex.1971), we declared a statute redrawing the representative districts of the state invalid for its "wholesale cutting" of county lines in violation of Section 26. The boundaries of thirty-three counties were cut under the terms of the statute, eighteen of which had less than sufficient population to form a separate representative district. We noted that although the burden is on one attacking an act to establish its invalidity, once it is established that the statute violated Article III, § 26 of the constitution by cutting county lines, the proponents were then required to justify the redistricting plan by presenting evidence that the cutting of county lines was necessary to satisfy the requirements of equal representation. We found that the provisions of the statute violated the constitution because appellants (state and local officials) failed to present evidence that the cutting of county lines was justified to comply with the equal population requirement of the Fourteenth Amendment of the United States Constitution.

■ In reviewing a statute for compliance with the equal representation requirement, the paramount consideration is the variation, per representative, between the populations of the various districts. As described in *Smith v. Craddick, supra,* at 377, this variation is computed by beginning with an ideal district population. In Texas, with a 1980 population of 14,228,383 and 150 representatives, that ideal is 94,856. The total variation in the present case is 9.4 percent. This is derived by figuring the percent by which the district of the smallest population is overrepresented and the percent by which the district of the largest population is underrepresented, and then adding the two figures together to obtain the total deviation or variation percentage between the largest and smallest districts.

■ Equality of population within representative districts is required in so far as practicable. A reapportionment plan, in order to be constitutional, must not contain impermissible deviations from population equality. In *White v. Regester*, 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314 (1971), the United States Supreme Court reviewed the reapportionment plan prepared by the Legislative Redistricting Board after the decision in *Smith v. Craddick, supra.* Under the plan only twenty-three districts were overrepresented or underrepresented by more than three percent, and only three of those districts were overrepresented or underrepresented by more than five percent. The plan resulted in a total variation between representative districts of 9.9 percent and an average deviation from the ideal of 1.82 percent. The Court held that plaintiffs failed to prove a prima facie case of invidious discrimination under the Equal Protection Clause from these deviations and approved as constitutionally acceptable the plan's efforts to conform to Section 26.

■ House Bill 960 cuts the boundaries of thirty-four counties as compared to the thirty-three boundaries cut in *Smith v. Craddick, supra.* Twenty-four of those counties have surplus populations, and ten have populations less than sufficient to form a separate representative district. In addition, three counties, Nueces, Denton and Brazoria, which are entitled to one or more representatives, are cut so that their surplus populations are joined to two, rather than one adjoining district. Nueces County, with a population of 268,215 entitling it to 2.82 representative districts, is given only one district wholly within its boundaries. The overall deviation of the plan is 9.4 percent, and the average deviation among the districts is 2.11 percent. No district has a deviation over five percent, and only ten districts have a deviation above four percent.

We hold that House Bill 960 fails to follow the requirements of Section 26. In *Smith v. Craddick, supra,* we held that the state constitution requires that a county constitute a separate district if the popula-

tion of the county is slightly under or over the ideal population but within constitutional limits of variation. The plan in House Bill 960 divides eight surplus population counties (Potter, Webb, Gregg, El Paso, Tarrant, Bexar, Dallas and Harris), and appellants argue that retaining surplus populations within those urban counties would result in a systematic underrepresentation of minorities in violation of the equal representation requirement. However, appellants failed to prove that the retention of surplus populations within the boundaries of the eight counties would result in impermissible deviations. In fact, appellees presented evidence of a number of alternate redistricting plans which maintain more of the surplus populations within county lines than House Bill 960 and result in deviations less than the 9.9 percent approved in *White v. Regester, supra.* Furthermore, the treatment of surplus population counties in House Bill 960 is not uniform. For example, El Paso County's surplus population of 5,619 and Tarrant County's surplus population of 7,716 are removed, while Galveston's surplus population of 6,228 is retained within the county lines. Appellants failed to justify this inconsistency.

The statute also divides at least three counties (Coryell, Erath and Cooke) with less than sufficient populations for separate districts. While appellants argue that it was necessary to divide the counties in order to comply with equal representation requirements, appellees presented evidence of numerous alternative plans, some of which were statewide, which kept the counties intact and resulted in population variances well under 9.9 percent.

Finally, the failure of the plan in House Bill 960 to allot two representative districts to Nueces County is not justified by the necessity of complying with the Voting Rights Act, 42 U.S.C. § 1973 et seq., as appellants contend. Appellees introduced evidence of two alternate plans which created two districts wholly within Nueces County and maintained the voting strength of the Hispanic population, as required by the Voting Rights Act.

Although a legislative enactment is entitled to a presumption of validity, it is our opinion that House Bill 960 violates the Texas Constitution and must be declared invalid in its entirety. Accordingly, the judgment of the district court is affirmed.

No motion for rehearing may be filed in this cause.